IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                   3:19-CR-294

    Plaintiff,

  v.                                         **ORDER**

Tim Wyse,

    Defendant.

The defendant has filed a Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). (Doc. 999). The government opposes the Motion. (Doc. 1010). The defendant claims that his medical condition is such that he is substantially unable to provide self-care while at FCI Morgantown. (*Id.,* pgID 8638). His conditions include: (1) hypertension; (2) laryngeal cancer in remission; and (3) prostate cancer with unspecified ongoing treatment. (Doc. 999, pgID 8638).[1]

Defendant also expresses concern about the enhanced risk to his health were he to contract Covid-19. (Doc. 999-1).

The only medical evidence of record relates to his heart condition.[2] A cardiac stress test noted, "This is a 58-year-old male without known history of coronary artery disease is referred for evaluation of cardiac disease. Based on age, sex, symptoms, and risk factors, the pretest

---

[1] Defendant also asks me to "consider" judicial decisions that appear to have nothing to do with his current medical condition. (Doc. 998, pgID 8637–38). Not being relevant or material to the issues in this case, I decline to do so.

[2] Defendant also includes a one-page medical record showing a current diagnosis of dysphagia (*i.e.*, difficulty swallowing). This condition is not listed by the U.S. Centers for Disease Control as a risk factor for COVID, and I do not find it to be an extraordinary and compelling reason to grant compassionate release.

probability of coronary artery disease being present in intermediate." (Doc. 999-2, pgID 8647). There are no additional records showing a subsequent *diagnosis* of cardiac disease.

The government opposes the Motion. (Doc. 1000). It argues, and I agree, that the defendant has failed to meet his burden under § 3582(c)(1)(A)(i)—that "extraordinary and compelling reasons" justify his release. Aside from his self-description of his condition, the only medical record shows that the *risk* of coronary disease is only "intermediate." Nothing in the provided records that shows the defendant has been diagnosed as such.

Further, nothing in the record indicates that this is presently a serious, much less substantially life-altering, condition. Without more, it is far from enough to warrant granting his motion. Having an "intermediate" risk of developing a condition is not a diagnosis of that condition.

While the U.S. Centers for Disease Control website mentions hypertension as "possibly" a risk factor for COVID, high blood pressure cannot sustain the defendant's "extraordinary and compelling" burden. The provided medical records do not demonstrate a need for early release from confinement.

With regard to the defendant's inchoate fear of contracting Covid, that too is not enough. *United States v. Pratt*, 2022 WL 1294435, at *2 (6th Cir., Mar. 15, 2022) (affirming denial where the district court noted, "neither the risk of future illness nor generalized fears about contracting COVID-19 are sufficient to justify release"). This is particularly true where there is only a low risk of contracting Covid, as Morgantown FCI is currently at a low-risk "minimal modified operational level," according to the Bureau of Prisons website.[3]

---

[3] *See FCI Morgantown*, Fed. Bureau of Prisons, https://www.bop.gov/locations/institutions/mrg (last visited Feb. 21, 2023.

That being so, it is not necessary that I consider the § 3553(a) factors as they apply to the defendant in this order. This is because a defendant must satisfy all three factors—exhaustion of administrative remedies, compelling and extraordinary reasons for release, and that the § 3553(a) factors favor release. *United States v. Elias,* 984 F.3d 516, 519 (6th Cir. 2021).

For the foregoing reasons, it is hereby

ORDERED THAT the defendant's Motion for Compassionate Release (Doc. 999) be, and the same hereby is denied.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge